Nathan T. Jackson, Bar No. 285620
njackson@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
400 Capitol Mall, Suite 1260
Sacramento, CA 95814
Telephone:  916-584-7000
Facsimile:  916-584-7083

Attorney for Defendants CITY OF ROCKLIN and DAVID MOHLENBROK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| RU HOGAN, | Case No.: |
| Plaintiff, | Complaint Filed: 11/1/2023 |
| v. | **JOINT NOTICE OF REMOVAL OF ACTION** |
| CITY OF ROCKLIN; DAVID MOHLENBROK; and DOES 1 through 100, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, Defendants City of Rocklin ("City") and David Mohlenbrok ("Mohlenbrok") (jointly, "Defendants") hereby remove this action from the Superior Court of the State of California in and for the County of Placer, to the United States District Court for the Eastern District of California. This Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because several of Plaintiff's claims are asserted under federal law, and this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state-law claims asserted in this action because those claims arise from the same case and controversy as the federal claims.

## Background

1. On or about November 1, 2023, Plaintiff Ru Hogan ("Plaintiff") commenced the aforementioned action against Defendants by filing a Complaint in the Superior Court of the State of California, County of Placer, entitled *Ru Hogan v. City of Rocklin, et al.*, Case No. SCV0051563

(the "State Court Action"). True and correct copies of Plaintiff's Summons and Complaint are attached to this Notice of Removal as Exhibit A.

2. The Complaint asserts several claims arising from Plaintiff's keeping of hens on her property located within the city limits of the City of Rocklin, from the City's efforts to enforce domestic animal regulations contained within the City of Rocklin Municipal Code, from Plaintiff's application for a variance from these regulations as a disability accommodation, and from the City's processing of and response to said application. (*See, e.g.,* Complaint ¶¶ 1-14.) In short, Plaintiff alleges that Defendants, acting maliciously and with discriminatory intent, failed to engage in an interactive process as required by law, engaged in a campaign of harassment to inflict emotional distress and mental suffering on Plaintiff, and ultimately denied Plaintiff's request for accommodation. (*Ibid.*)

3. Defendants received the Summons and Complaint on November 22, 2024. The cause for Plaintiff's delay in serving Defendants for over one year after filing the Complaint is unknown to Defendants.

4. Defendants have not filed any papers or pleadings in the State Court Action, nor received any papers or pleadings other than those attached hereto as Exhibit A.

**Venue**

5. Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes Placer County, California, where the State Court Action was filed and is pending, and where the events in question allegedly occurred.

**Timely Removal**

6. The filing of this Notice of Removal is timely as it has been filed within thirty (30) days after service of the Summons and Complaint as required by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6.

7. This Notice of Removal is filed jointly by both Defendants, the City and Mohlenbrok. Defendants designated as Does 1 through 100 fictitious defendants; Fictitious Doe

defendants are not required to join in a removal petition. *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

### Notice to Plaintiff

8. Concurrently with the filing of this Notice of Removal in this Court, Defendants will serve written notice of removal on Plaintiff's counsel and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Placer, as required by 28 U.S.C. § 1446(d).

### Grounds for Removal

9. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. Specifically, and as explained more fully below, this action involves claims arising under federal statutes, as well as state-law claims that are so related to federal claims in the action that they form part of the same case or controversy.

10. The Complaint lists four enumerated "causes of action", although one of them makes a claim under both federal and state law. Specifically, the Second Cause of Action alleges that Defendants engaged in "Housing Discrimination based on Race/Disability/National Origin" in violation of the federal Fair Housing Act and the California Fair Employment and Housing Act ("FEHA"). (Complaint, ¶¶ 19-23.) The Fair Housing Act claim is based on a federal statute, 42 U.S.C. § 3604, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The Complaint does not differentiate between the claims asserted under the federal Fair Housing Act and the California FEHA, and so the two claims are patently part of the same "case or controversy" pursuant to 28 U.S.C. § 1367, giving this Court supplemental jurisdiction over the state-law claim.

11. The Third Cause of Action alleges that Defendants violated the Americans with Disabilities Act in its handling of Plaintiff's accommodation request. The Americans with Disabilities Act is a federal statute, 42 U.S.C. § 12101 *et seq.*, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

12. The First Cause of Action alleges that Defendants "engaged in a campaign of harassment and mental cruelty" amounted to the tort of intentional infliction of emotional distress, and that Defendants did so "in order to manufacture a pretext for denial" of Plaintiff's

accommodation request. (Complaint, ¶¶ 15-18.) This claim directly, and expressly, relates to Plaintiff's request for accommodation and the Defendant's alleged failure to handle said request in good faith, which form the basis for Plaintiff's Second and Third Causes of Action. This claim therefore shares a common nucleus of operative facts with Plaintiff's Second and Third Causes of Action, over which this court has federal claim jurisdiction. Accordingly, these claims all form part of the same case or controversy pursuant to 28 U.S.C. § 1367, giving this Court supplemental jurisdiction over the state-law tort claim.

13. The Fourth Cause of Action alleges that Defendants acted negligently towards plaintiff by breaching a duty of care "to act in good faith in determining plaintiff's just requests" and thereby negligently inflicted emotional distress on Plaintiff. (Complaint, ¶¶ 27-30.) This claim does not assert any independent factual grounds but incorporates the same factual allegations as supporting the First, Second, and Third Causes of Action. It also expressly relates to Plaintiff's request for accommodation and the Defendant's alleged failure to handle said request in good faith, which form the basis for Plaintiff's Second and Third Causes of Action. This claim therefore shares a common nucleus of operative facts with Plaintiff's Second and Third Causes of Action, over which this court has federal claim jurisdiction. Accordingly, these claims all form part of the same case or controversy pursuant to 28 U.S.C. § 1367, giving this Court supplemental jurisdiction over the state-law tort claim.

For all of the foregoing reasons, Defendants City of Rocklin and David Mohlenbrok respectfully submit that the State Court Action is removable to this Court under 28 U.S.C. §§ 1331, 1367, and 1441(a).

Dated: December 19, 2024                           LIEBERT CASSIDY WHITMORE

By: */s/ Nathan T. Jackson*
Nathan T. Jackson
Attorney for Defendants CITY OF ROCKLIN and DAVID MOHLENBROK

12692362.1 RO050-020                                                    Joint Notice of Removal of Action

# EXHIBIT A



**SUMMONS**
*(CITACION JUDICIAL)*

RECEIVED NOV 2 2 2024 BY:

SUM-100
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

NOV 01 2023

Jake Chatters
Executive Officer & Clerk
By: C. Waggoner, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

City of Rocklin, David Mohlenbrok

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ru Hogan

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Placer County Superior Court

10820 Justice Center Drive, Roseville, CA 95678

CASE NUMBER:
*(Número del Caso):*

SCV0051563

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas M. Hogan, SBN 153926  942 Enterprise Drive, Suite B, Sacramento, CA 95825 (916)929-2255

DATE: NOV 01 2023
*(Fecha)*

Clerk, by C. Waggoner, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* City of Rocklin
   under: [ ] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [✓] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear this Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]

**SUMMONS**
*(CITACION JUDICIAL)*

RECEIVED NOV 2 2 2024 BY: _____

**SUM-100**
*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

NOV 01 2023

Jake Chatters
Executive Officer & Clerk
By: C. Waggoner, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

City of Rocklin, David Mohlenbrok

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ru Hogan

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Placer County Superior Court
10820 Justice Center Drive, Roseville, CA 95678

CASE NUMBER:
*(Número del Caso):*
**SCV0051563**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas M. Hogan, SBN 153926  942 Enterprise Drive, Suite B, Sacramento, CA 95825 (916)929-2255

DATE: NOV 0 1 2023
*(Fecha)*
Clerk, by C. Waggoner , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* DAVID MOHLENBROCK
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☑ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.
[Print this form] [Save this form] [Clear this form]

**Ex. A - 02**

Thomas M. Hogan, SBN 153926
Law Office of Thomas M. Hogan
942 Enterprise Drive, Suite B
Sacramento, California 95825
TEL: (916) 929-2255
FAX: (916) 929-0119
Email: Hogan@surewest.net
Attorney for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

NOV 01 2023

Jake Chatters
Executive Officer & Clerk
By: C. Waggoner, Deputy

IN THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER      SCV0051563

Ru Hogan

　　　　Plaintiff

VS.

City of Rocklin, David Mohlenbrok

Does 1-100
　　　　　　　Defendants　　/

Complaint
For Damages:
Intentional Infliction
Of Emotional Suffering
And/Or Distress, Negligent Infliction
of Emotional Suffering and/or
Distress Housing Discrimination,
Violation of State FEHA
Violation of Federal Housing and
Urban Development Act, Americans
With Disabilities Act
(Denial of Reasonable
Accommodation, Harassment of
Disabled Person, Retaliation)
Denial of Civil Rights:
Equal Protection

**Unlimited Civil
Demand exceeds $25,000
Jury Trial Demanded**

Plaintiff, Ru Hogan alleges the following:

I. **Parties:** A. **Plaintiff:** Ru Hogan is an Asian Woman who resides in the City of Rocklin, California, County of Placer and sues as an individual over the age of 18 years old.

B. Defendants are 1) **The City of Rocklin** is sued in its capacity as a government

Page 1 of 11

COMPLAINT FOR DAMAGES

Filed On Demand W/s/24

entity whose officers, employees and/or contractors caused material harm to plaintiff.

2) **Community Director David Mohlenbrok as an individual for individual acts of cruelty and malice and in his capacity as an official of the City of Rocklin.**

3) Defendants named **as "Does"** are persons unknown to plaintiff at this time but who plaintiff believes are responsible for loss and injuries set forth below.

II. **Venue:** The events alleged occurred within the City of Rocklin, County of Placer.

III. **Jurisdiction**: Within the past 6 months Plaintiff has filed a claim under the California Tort Claims Act (Government Code sect 810-996.6 et seq.) which claim has been denied/rejected by the City of Rocklin. The acts set forth below constitute violations of both State and Federal Law and raise a Federal Question regarding compliance with the Americans with Disabilities Act and Federal Fair Housing Act and the California Fair Employment and Housing Act (FEHA).

IV. **Statement of facts**

1. Plaintiff, Ru Hogan, is an Asian woman who has been diagnosed with a disability which significantly impacts her ability to function and enjoy regular daily activities. Additionally, on September 12, 2021 Ru Hogan was subjected to a race based attack by a Caucasian assailant and beaten bloody. The assault began with verbal abuse from the assailant and quickly escalated into a physical assault and battery. The District Attorney for the County of Placer has filed a criminal prosecution against the perpetrator for criminal battery in Placer County Superior Court. As a result of this attack, Ru Hogan has been diagnosed with Post Traumatic Stress Disorder. In order to cope with social isolation caused by her work situation and the trauma of the assault, Ru Hogan was raising a small flock

of hens (6 hens) in her backyard. She built a coop for the hens, trimmed their lower wings to prevent their flight into neighboring properties and established a run. The need and benefit of the hens, who she named and has been raising as pets, has been documented by a licensed therapist who specializes in the treatment of Post Traumatic Stress Disorder. All defendants as well as unnamed individuals had actual knowledge of these facts at the time they undertook retaliatory and/or discriminatory acts against plaintiff.

2. On or about February 7, 2022, a neighbor on adjacent property (Bedford Jay Williams) demanded the hens be removed. In response, Plaintiff moved her hen coop back to approximately 20 feet from the property line in order to give the complaining neighbors the space required under City of Rocklin requirements and texted the neighbor that she had complied.

3. Bedford Jay Williams, a Caucasian Male neighbor, receiving the text came to the door after dark and became visibly angry and agitated, demanding that the hens be removed to the front of the property or he would call the police. (The same neighbor has called animal control on the pets of other immigrant and Asian families in the neighborhood on multiple occasions). When the plaintiff, Ru Hogan, refused to remove the hens and explained that it would be impossible to place them where he demanded, Bedford Jay Williams demanded to speak to her white Caucasian husband, implying that a simple Asian Woman would not understand and lacked agency to handle her own property, and when she still refused to move her hens farther than the law would require, he began shouting

Page 3 of 11
COMPLAINT FOR DAMAGES

profanity in her face, causing her trauma and fear of imminent violent bodily harm.

4. As a result of animal control complaints of Bedford Jay Williams and/or Christi Williams, adjacent neighbors, the City of Rocklin issued a warning citation for a violation. In reply, on or about July 5, 2022, plaintiff served a letter for a request of a reasonable accommodation to Heather Rodgers, City of Rocklin Animal Control. The property, due to the shape of the lot and placement of the house was approximately 36-40 inches too short to fully comply with the City of Rocklin ordinance which permits up to 10 hens so long as they are housed 20 feet from neighboring properties and the house. However the lot was nearly 3000 square feet larger than Placer County ordinance which permits up to 6 hens on a lot of 5000 square feet or more (The neighbors to the East are Ukrainian immigrants who enjoy the hens and against whom the Williams lodged multiple animal control complaints against their dogs and when that failed planted toxic plants (Oleander) against their common fence, the Western neighbor is a busy parking lot and trash dumpster of a large apartment complex).

5. There was no immediate reply to the letter, nor any action taken until on or about September 27, 2022 the City of Rocklin Police informed plaintiff that to obtain an accommodation, she must apply to the Community Director within 30 days. This was done. On or about October 22, 2022, plaintiff submitted a formal request for reasonable accommodation to permit her to keep 5 hens so long as their coop was at least 20 feet from the Northern property line. This request was supported by a letter from a licensed therapist who specializes in treatment of PTSD.

6. At this juncture, the City of Rocklin, its officers and particularly Community Director Mohlenbrok had an affirmative duty under the Americans with Disabilities Act and the California Fair Employment and Housing Act to engage in a *good faith* interactive process to determine what course would be "reasonable" under the circumstances (2 California Code of Regulations Title II sect. 12177(a))

7. Throughout the process, Community Director Mohlenbrok was deceitful, dishonest, and engaged in unlawful and abusive tactics, harassment and gamesmanship to defeat the request for accommodation and in his own words to "back her [the disabled Asian woman] into a corner.' (See Notes of Director Mohlenbrok attached as Exhibit 1). Community Director Mohlenbrok set out repeated obstacles for the plaintiff to hurdle only to grant and then immediately revoke the requested accommodation as part of a pre-planned scheme which was concocted between Mohlenbrok, the Caucasian American Neighbors and Ralph Laird, attorney for Bedford Jay Williams and Christi Williams.

8. As part of the Scheme, on or about October 26, 2023, Community Director Mohlenbrok first represented that he only had 5 days to decide from receipt of the plaintiff's request, and on that pretense demanded a second doctor's letter. Director Mohlenbrok gave this demand to Ru Hogan on the night of the 3rd day, permitting her 16 business hours to obtain a second letter from a busy professional, which she did. *However, on or about October 27, 2022, while the City of Rocklin was* supposed to be in a "good faith interactive process," animal control officer Heather Rodgers appeared, pounding on the door with the first of

a number of fines based on the hens being permitted out of their coop (the hens were at all times enclosed by fencing and wire from which they could not and never have escaped).

9. After receiving the 2nd doctors letter, director Mohlenbrok granted the accommodation as requested *on condition that a 3rd doctors letter be obtained within 14 days.* However, this letter was sent at 11:30 PM on a Friday which truncated 3 days off that time. It was subsequently learned that Director Mohlenbrok was sharing the medical condition and strategy for denial of the accommodation with Ralph Laird of the Aronowitz Law firm, but failed to disclose these communications to the plaintiff, Ru Hogan. Nor did Director Mohlenbrok disclose that he did not plan on issuing the requested accommodation no matter how many letters Ru Hogan obtained. Director Mohlenbrok failed at any time to inform the plaintiff that there was opposition to the accommodation request that she might respond or understand, while sharing all information about the plaintiff and her condition with the neighbors and their attorneys.

10. Heather Rodgers continued to come to the door in police uniform, alone or accompanied by other officers to deliver increasingly onerous fines. The purpose of the fines was to harass, humiliate and demoralize Ru Hogan. The constant police visits and financial hardship was intended to force her to surrender her claims and provide Director Mohlenbrok a pretext for denying the accommodation requests. As such the fines were predatory, and intended to inflict mental distress and cruelty on the plaintiff.

11. In accordance with his stated goal of "Backing the Plaintiff into a Corner," Director Mohlenbrok rescinded the accommodation request and appeared unannounced at the plaintiff's door with Rustin Banks, the Chief of Police for the ostensible purpose of ordering plaintiff to remove the hens.

12. This visit was declined, however, an appointment was made for the Director, the Chief of Police to view the chicken coop and run. During this visit, an unmarked, open and unsealed file was left open on the plaintiff's patio. Among the contents were the notes of the community Director (Exhibit 1) and letters between the Aronowitz Firm communicating about plaintiff's condition and accommodation request. The evidence inadvertently provided was beyond any reasonable doubt that Community Director Mohlenbrok, disclosed confidential information about the plaintiff to third parties, who used that information to further physically and psychologically harass her, and set up a campaign of fines and other obstacles to defeat her rightful claims

13. The conduct of the Director, the Williams, and the City of Rocklin Police was a substantial factor in causing the collapse and hospitalization of Ru Hogan, plaintiff to the mental ward of Kaiser Hospital on Suicide Watch commencing June 20, 2023.

14. In enforcing the fines, the City of Rocklin violated the due process rights of the plaintiff in presenting false and or misleading evidence and withholding evidence which was subpoenaed for that hearing. Officer Heather Rodgers testified under oath that:

    a. *Plaintiff's lot was "tiny"* False.

    b. Hen coops are "large enough for a person to walk into" False. An Eglu hen coop is 3'1" x 3'3" and 2 feet 1in tall. Other commercially available backyard coops vary in size. Most do not permit human entry.

    c. The ADA distinguishes between "Service Animals and Companion Animals. Companion Animals are not allowed in stores." False\

The question remains whether Officer Rodgers was lying or just poorly trained. Officer Rodgers testified that she had never had any Fair Housing training.

## FIRST CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

15. Plaintiff realleges and incorporates paragraphs 1-14 of this complaint as though fully alleged herein.

16. Defendants, the City of Rocklin and Community Director David Mohlenbrok, as an individual and on behalf of the City of Rocklin engaged in a campaign of harassment and mental cruelty with the stated intent of "backing" a disabled immigrant woman "into a corner." That the Director acted with cunning and deceit to oppress and harass the plaintiff, Ru Hogan, holding out hope that she might keep her companion animals when at every turn setting obstacles, barriers and sanctions in order to manufacture a pretext for denial.

17. Community Director Mohlenbrok in collaboration with "Rustin" (see Exhibit 1) and other officers of he City government collaborated to impose "Daily Fines" on the plaintiff to elevate a low level animal complaint to a high level offense to oppress, demoralize and injury the plaintiff.

18. The conduct was intentional, cruel and was a proximate cause of mental suffering, depression and anxiety.

## SECOND CAUSE OF ACTION
(Violation of California FEHA, Federal Fair Housing Act,
Housing Discrimination based on Race/Disability/National Origin)

19. Plaintiff realleges and incorporates paragraphs 1-18 of this complaint as if full alleged herein.

20. That the City of Rocklin allied with Caucasian neighbors in a campaign of prejudice and bigotry to deny a disabled woman of color a small but reasonable accommodation. That The City of Rocklin through its officers and agents including but not limited to the City of Rocklin Police and Community Director David Mohlenbrok, after being notified of a request for reasonable accommodation from a woman who had suffered a racial beating failed to engage in a "Honest, good faith interactive Process" as required under State and Federal law.

21. That Director Mohlenbrok, the Chief of Police, Rustin Banks, Officer Heather Rodgers at all times knew the plaintiff suffered anxiety and depression and that at as part of an unlawful and deceitful scheme directed by Director Mohlenbrok, the officers appeared regularly at the plaintiffs door, berated her, even when she was pleading in tears for the fines to be rescinded, continued their harassment for the unlawful purpose of creating a pretext for denying a reasonable accommodation.

22. That these officers, including Heather Rodgers and/or Director Mohlenbrok shared the details of plaintiff's disability with the Caucasian neighbors who used the same information in physical harassment, directing spotlights into her bedroom windows and clanging chimes to discomfit her.

23. As a proximate result of the actions of the City of Rocklin and Community Director Mohlenbrok, plaintiff has suffered suicidal depression and been injured as set forth below.

### THIRD CAUSE OF ACTION
(Violation of Americans with Disabilities Act
Denial Accommodation)

24. Plaintiff realleges and incorporates paragraphs 1-23 of this complaint as if fully alleged herein.

25. That the actions of the Community Director violate the Americans with Disabilities act if failing to timely and meaningfully engage in an interactive process. That the director acted with fraudulent and deceitful intent as an individual and on behalf of the City of Rocklin.

26. That the delay, fines levied and unlawful conduct of the Community Director, the City of Rocklin Police and other officers constitutes a material breach of the Americans with Disabilities Act.

### FOURTH CAUSE OF ACTION
(Negligent Infliction of Mental Suffering)

27. Plaintiff realleges and incorporates paragraphs 1-26 of the above-entitled complaint as though fully set forth herein.

28. That the defendants, the City of Rocklin and Community Director David Mohlenbrok acted negligently toward the plaintiff.

29. Defendants and each of them had a duty of care, among other things, to protect the privacy of the plaintiff, to protect the civil rights of the plaintiff, and to act in good faith in determining plaintiff's just requests.

30. That the City of Rocklin, through its officers, including but not limited to David Mohlenbrok breached this standard of care and by doing so caused damage to the plaintiff as set forth below.

Prayer for Relief

31. Plaintiffs prays the court award the following against defendants, the City of Rocklin and David Mohlenbrok individually:

a) Compensatory Damages for Housing Discrimination based on Race, Gender, Disability and National Origin in the amount of $10,000,000.00

b) Punitive Damages for malicious, oppressive, and despicable conduct for express purposes of denying an accommodation to a disabled person in an amount According to Proof.

c) For negligent and/or Mental distress resulting from fraudulent, deceitful and cruel conduct in the amount of $10,000,000.00

d) For medical special damages in the amount of $35,000.00

e) For general damages, pain and suffering, as a result of general negligence in the amount of $2,000,000.00

f) For injunctive relief, including but not limited to an order that defendants cease and desist harassment of plaintiff and unlawful discrimination.

g) For Reasonable Attorney's fees pursuant to Statute.

h) For Statutory damages in according to proof.

i) For Costs of Suit.

Dated: October 31, 2023

_____
Thomas M. Hogan, Attorney at Law

Page 11 of 11
COMPLAINT FOR DAMAGES

EXHIBIT 1

letter doesn't identify law or need to change City's stance

ADA vs "the Acts" (also raised as ADA, City has to broadly apply all

denied based on health & safety would be problematic

we're not allowing or promoting fox range
consider DM having conversation emphasizing no free range (site visit w/
community)

[11/9/22]
Aly
Rustin
CC no longer make decision based on legal advice alone, totality of circumst
- enclose & cite daily - fox roam / enclosure
PD, CDD & IN (ADA coordinator)
have to stay in enclosure message

deny reasonable request* ADA          = despite City Atty advice not
                         not allowed    to take into account
OK w/ risk              be careful     Surrounding properties w/
                         animal         should
                         future w/ county
                         can have enclosure
Ryan                     housing

Mtg w/ RN & PD hand deliver received notice of
Monday - Rustin time schedule  approval

                correct
if future request then push ole corner

[11/21/22]
Rustin Aly      Small snip of fox as possible    Rustin 400
                                                 accommodations made
                evaluate side pictures for consideration
                                                 both ways