1  Nathan T. Jackson, Bar No. 285620
   njackson@lcwlegal.com
2  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
3  400 Capitol Mall, Suite 1260
   Sacramento, CA 95814
4  Telephone:   916-584-7000
   Facsimile:    916-584-7083

Attorneys for Defendant CITY OF ROCKLIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| RU HOGAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ROCKLIN, and DOES 1 THROUGH 100,<br><br>　　　　　　Defendants. | Case No.: 2:24-cv-03566-JAM-SCR<br><br>Complaint Filed: November 1, 2023<br>FAC Filed: January 16, 2025<br><br>**DAVID MOHLENBROK'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　March 11, 2025<br>Time:　　　01:00 p.m.<br>Courtroom: 6 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Tuesday, March 11, 2025, at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the United States District Court for the Eastern District of California, located at 501 I Street, 14th Floor, Sacramento, California, 95814, DAVID MOHLENBROK ("Mohlenbrok") will and hereby does move the Court for an order awarding prevailing-party attorneys' fees pursuant to California Code of Civil Procedure section 425.16, subsection (c)(1) in the amount of $15,268.50.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed in support hereof, the Declarations of Nathan T. Jackson and Lars T. Reed, all records, files, and proceedings in this matter, and such other oral and documentary evidence as may be presented to the Court at the hearing.

1

**MEET AND CONFER**

The City's litigation counsel, Nathan Jackson, attempted to confer with Plaintiff's counsel, Thomas Hogan, about the instant motion, but Mr. Hogan is apparently unwilling to speak with Mr. Jackson by phone. Jackson Decl. at ¶¶ 8-10, Exhs. A-B.

Dated: January 30, 2025                    Respectfully submitted,

                                           LIEBERT CASSIDY WHITMORE


                                    By:    */s/ Nathan T. Jackson*
                                           Nathan T. Jackson
                                           Attorneys for Defendant CITY OF
                                           ROCKLIN

Liebert Cassidy Whitmore
A Professional Law Corporation
400 Capitol Mall, Suite 1260
Sacramento, CA 95814

2
Mohlenbrok's Notice of Motion and Motion for Attorneys' Fees
12740392.3 RO050-020

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In December 2024, former defendant David Mohlenbrok ("Mohlenbrok") filed a special motion to strike pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc., § 425.16, in response to Plaintiff Ru Hogan's Complaint, which asserted claims against both Mohlenbrok and Defendant City of Rocklin ("City".) Plaintiff did not respond to the motion but instead filed a First Amended Complaint ("FAC"), which no longer names Mohlenbrok as a defendant. In other words, Plaintiff voluntarily dismissed Mohlenbrok while his anti-SLAPP motion was pending. Under applicable California law, as applied by federal district courts, this creates a presumption that Mohlenbrok is a "prevailing defendant" with respect to his motion. Where a defendant prevails on an anti-SLAPP motion, an award of attorneys' fees and costs is mandatory.

## II.   RELEVANT BACKGROUND

Plaintiff Ru Hogan ("Plaintiff") brought the instant action in state court in November 2023 against Defendant City of Rocklin ("City") and the City's Community Development Director, Defendant David Mohlenbrok ("Mohlenbrok") (collectively herein, "Defendants"). Plaintiff's Complaint asserted claims for: (1) intentional infliction of emotional distress; (2) housing discrimination in violation of the California Fair Employment and Housing Act ("FEHA") and/or the federal Fair Housing Act; (3) Violation of the Americans with Disabilities Act; and (4) negligent infliction of emotional distress. Plaintiff's claims against both the City and Mohlenbrok focus primarily on allegations of conduct attributed to Mohlenbrok.

For reasons unknown, Plaintiff did not serve the Complaint on Defendants until November 22, 2024.  Because the Complaint alleged both federal and state law claims arising from the same operative facts, Defendants timely removed the case to federal court based on federal question jurisdiction on December 19, 2024. Doc. 1.

On December 26, 2024, Defendants jointly filed a special motion to strike ("Anti-SLAPP Motion") pursuant to California Code of Civil Procedure section 425.16. Doc. 5. The Anti-SLAPP Motion sought to strike all state law claims from the Complaint. It argued that Plaintiff's claims arise entirely from activity in furtherance of the right of petition and free speech, protected

by California's anti-SLAPP law. The Anti-SLAPP motion further argued that Plaintiff could not establish a likelihood of prevailing on her tort claims (the First and Fourth causes of action) because both Defendants have statutory immunity, and that Plaintiff could not establish a likelihood of prevailing on her FEHA discrimination claim because the documented facts demonstrate that her claim has no merit as a matter of law.

Defendants incurred a total of $15,268.50 in attorneys' fees in connection with the Anti-SLAPP motion. Declaration of Nathan T. Jackson, ¶¶ 4-10; Declaration of Lars T. Reed, ¶¶ 2-6.

Plaintiff did not file any substantive response to either motion. Instead, Plaintiff filed a FAC on January 16, 2025, superseding the original Complaint. Doc. 9. The FAC is largely identical to the original Complaint, with one significant exception: The FAC no longer names Mohlenbrok as a defendant. Instead, the FAC asserts Plaintiff's claims solely against the City, though still focused primarily on allegations of conduct by Mohlenbrok.

### III. <u>LEGAL STANDARD</u>

Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Cal. Code Civ. Proc., § 425.16(c)(1). An award of fees to a SLAPP defendant who brings a successful motion to strike is "mandatory." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). Even if a lawsuit is pending in federal court, defendants "can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." *Davis v. Hollins Law*, 942 F.Supp.2d 1004, 1012 (E.D. Cal. 2013), quoting *Verizon Del., Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091, 17 P.3d 735 (9th Cir. 2004).

"An amended complaint that drops a defendant named in the original complaint effectively dismisses that defendant from the action." *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F Supp.2d 1090, 1101 (S.D. Cal. 2006) (citing *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981).) Where a defendant is dismissed while their anti-SLAPP motion is pending, the court retains jurisdiction to determine whether the defendant is entitled to statutory attorneys' fees and costs. *Gottesman v. Santana*, 263 F.Supp.3d 1034, 1040 (S.D. Cal. 2017), citing *Law Offices of Andrew L. Ellis v. Yang*, 178 Cal.App.4th 869, 879, 100 Cal.Rptr.3d 771 (2009).

Under *Coltrain v. Shewalter*, 66 Cal.App.4th 94, 77 Cal.Rptr.2d 600 (1998), when a plaintiff voluntarily dismisses a defendant while the anti-SLAPP motion is pending, this "raises a presumption that the defendant is the prevailing party that the plaintiff can rebut by explaining its reason for dismissal." *Gottesman*, 263 F.Supp.3d at 1043. The "critical issue" in this evaluation "is which party realized its objectives in the litigation." *Coltrain*, 66 Cal.App.4th at 107.

Some state courts follow an alternative approach taken in *Moore v. Liu*, 69 Cal.App.4th 745, 751, 81 Cal.Rptr.2d 807 (1999), wherein the determining factor is whether the defendant would have prevailed on the merits of the anti-SLAPP motion. However, federal courts in the Ninth Circuit have generally followed the *Coltrain* approach. *See Gottesman* 263 F.Supp.3d at 1043; *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2014 U.S. Dist. LEXIS 199028, at *15 (C.D. Cal. Aug. 4, 2014) (discussing the differing approaches and collecting cases). Two recent Eastern District decisions similarly followed the *Coltrain* approach. *Rossington v. Mt. Circle Family Servs., Inc.*, No. 2:23-CV-0423-KJM-DMC, 2023 U.S. Dist. LEXIS 158635, at *5-6 (E.D. Cal. Sep. 7, 2023); *Garrett v. Hine*, No. 1:21-cv-00845-DAD-BAK, 2022 U.S. Dist. LEXIS 102321, at *21 (E.D. Cal. June 7, 2022).

## IV.   ARGUMENT

### A.   MOHLENBROK IS A "PREVAILING DEFENDANT"

Plaintiff's original Complaint brought multiple causes of action under both state and federal law against both the City and Mohlenbrok. Defendants responded by filing a motion to dismiss and the Anti-SLAPP Motion. While those motions were pending, Plaintiff amended her complaint to omit Mohlenbrok as a defendant; this acts as a voluntary dismissal of all claims against Mohlenbrok. *Rasidescu*, 435 F.Supp.2d at 1101.

Under *Coltrain*, Plaintiff's voluntary dismissal of Mohlenbrok raises a presumption that Mohlenbrok is a prevailing defendant. Plaintiff can only rebut this presumption if she can explain a reason for dismissal that shows she, more so than Mohlenbrok, "realized [her] objectives in the litigation." *Coltrain*, 66 Cal. App. 4th at 107.  Here, Plaintiff cannot make such a showing.

Plaintiff's Complaint sought over $20 million in compensatory damages from both the City and from "Mohlenbrok individually," and it sought injunctive relief.  Doc. 1, Complaint at ¶

Liebert Cassidy Whitmore
A Professional Law Corporation
400 Capitol Mall, Suite 1260
Sacramento, CA 95814

1  31. Patently, Plaintiff's objective in this litigation is to obtain a money judgment and/or an
2  injunction in her favor. When Plaintiff dismissed Mohlenbrok as a defendant but otherwise
3  reasserted her claims in a near-identical form, this brought her no closer to obtaining a judgment
4  in her favor. Nor has Plaintiff achieved her goals through settlement, because Defendant was
5  insolvent, or for other reasons unrelated to the probability of success on the merits. *See*
6  *Gottesman*, 263 F.Supp.3d at 1043. Other than dismissing Mohlenbrok, nothing has
7  fundamentally changed in this litigation since Plaintiff originally filed it.

8  By contrast, Mohlenbrok's objective in filing the Anti-SLAPP Motion was to eliminate
9  causes of actions raised against him in order to narrow the scope of litigation and to reduce any
10 potential risk of personal exposure to liability. When Plaintiff dismissed him from the action,
11 Mohlenbrok got everything his Motion asked for, and more. While Mohlenbrok may need to
12 continue being involved in the litigation as a fact witness, he no longer faces any personal
13 exposure as a defendant, including under the federal claims that were not the target of either of
14 his motions. Clearly, Mohlenbrok has realized his objectives in this litigation, making him a
15 prevailing defendant under Code of Civil Procedure section 425.16(c).

16 Accordingly, Mohlenbrok is entitled to his fees and costs.

17 **B.    EVEN UNDER THE ALTERNATIVE *MOORE* STANDARD,**
18 **MOHLENBROK IS STILL A PREVAILING DEFENDANT.**

19 Even if this Court were to break with the majority of federal courts and apply the
20 alternative standard under *Moore v. Liu* instead of the *Coltrain* approach, Mohlenbrok would still
21 be a prevailing defendant because he would have prevailed on his Anti-SLAPP Motion.

22 Consideration of an anti-SLAPP motion involves a two-step process. First, the court must
23 decide whether the defendant has made a showing that the causes of action or claim subject to the
24 motion arises from protected activity; if so, the burden shifts to the plaintiff to demonstrate a
25 probability that she will prevail. *City of Cotati v. Cashman*, 29 Cal.4th 69, 76 (2002). As to the
26 first step, and as explained further in Defendants' Motion, all alleged conduct in the Complaint
27 amounts to protected conduct under the anti-SLAPP statute.

28 Indeed, as to alleged conduct relating to Plaintiff's neighbors communicating with City

Liebert Cassidy Whitmore
A Professional Law Corporation
400 Capitol Mall, Suite 1260
Sacramento, CA 95814

6

Mohlenbrok's Notice of Motion and Motion for Attorneys' Fees

12740392.3 RO050-020

officials, a California court has already ruled that those communications were protected petitioning activity, and Plaintiff is barred from arguing to the contrary. Doc. 5 at pp. 15-17.

As to the second step, again as explained in Defendants' Motion, Plaintiff never had any probability of prevailing on her state law claims: Plaintiff's tort claims would have failed as a matter of law because Mohlenbrok has statutory immunity under California Government Code sections 820.2 and 821.6. And Plaintiff's claim under the California Fair Employment and Housing Act ("FEHA") would have failed on the merits because Plaintiff was already given – and still has – the accommodation she requested. Doc. 5 at pp. 19-21.

Thus, whichever standard this Court applies, Mohlenbrok is clearly a prevailing defendant under Code of Civil Procedure section 425.16(c), and is entitled to statutory attorneys' fees.

### C. MOHLENBROK IS ENTITLED TO FEES FOR THE INSTANT MOTION, AND HE SHOULD RECEIVE THE FULL AMOUNT SPENT ON THE MOTION SINCE ALL CLAIMS ARE INTERRELATED

A defendant who prevails on an anti-SLAPP motion is entitled to an award of attorneys' fees and costs "incurred in connection with" the anti-SLAPP motion. Cal. Gov. Code, § 425.16, subd. (c)(1). An "award of attorney fees to a prevailing defendant on an anti-SLAPP motion properly includes attorney fees incurred to litigate the special motion to strike (the merits fees) plus the fees incurred in connection with litigating the fee award itself (the fees on fees)"). Thus, a prevailing defendant may recover all fees incurred in connection with litigating the anti-SLAPP motion, plus attorneys' fees incurred in litigating the fee award itself. *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi,* 141 Cal.App.4th 15, 21 (2006).

Accordingly, Mohlenbrok is entitled to an award of fees and costs in bringing this motion, but also in preparing and defending the instant fee motion. The Court should also award Mohlenbrok all fees incurred in connection with the Anti-SLAPP Motion, because there is no practical way to bifurcate the amount spent working on behalf of Mohlenbrok as an individual. This is because the Complaint is based almost entirely on Mohlenbrok's protected conduct. *Brown Bark III, L.P. v. Haver*, 219 Cal.App.4th 809, 830 (2013) ("allocation among jointly represented parties 'is not required when the liability of the parties is 'so factually interrelated that

it would have been impossible to separate the activities … into compensable and noncompensable time units.'", citing *Cruz v. Ayromloo* 155 Cal.App.4th 1270, 1277 (2007).

To the extent Plaintiff intends to question whether Mohlenbrok incurred the fees directly, that issue is irrelevant to his entitlement. *Macias v. Hartwell*, 55 Cal.App.4th 669, 675-676 (1997) ("Appellant cites no authority, and we have found none, that a defendant who successfully brings an anti-SLAPP motion is barred from recovering fees if the fees were paid by a third party."); *Lolley v. Campbell,* 28 Cal.4th 367, 373 (2002) ("…California courts have routinely awarded fees to compensate for legal work performed on behalf of a party pursuant to an attorney-client relationship, although the party did not have a personal obligation to pay for such services out of his or her own assets"); See also *Rosenaur v. Scherer,* 88 Cal.App.4th 260, 283-285 (2001); and *PLCM Group, Inc. v. Drexler,* 22 Cal.4th 1084, 1091-1094 (2000).

### D.  THE CURRENT FEE REQUEST IS REASONABLE

As an initial matter, both Mr. Jackson and Mr. Reed practice employment law exclusively. In this case, Mr. Reed drafted the bulk of the motions and other supporting papers. Mr. Jackson spent considerably less time reviewing and refining those motions. This is what the Court would expect. The rates charged by Mr. Jackson and Mr. Reed are considerably less than other rates approved by the Eastern District. E.g., *Prehired, LLC v. Provins*, 2023 U.S. Dist. LEXIS 109494, *12 (E.D. Cal. 2023) (noting on an anti-SLAPP fee motion that "the undersigned has previously found the following ranges of hourly rates to be reasonable: $650-$750 for senior partners with over thirty years of experience; $545-$695 for partners and senior counsel; $475-$575 for senior associates; $330-$400 for junior associates; $200 for paralegals.")

This fee motion does not seek a multiplier and includes no time spent on administrative tasks. Rather, it seeks a straight lodestar calculation based on reasonable attorney-time and actual billing rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (the lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.")

///

///

///

## V. **CONCLUSION**

For the foregoing reasons, former defendant David Mohlenbrok respectfully requests that the Court grant this Motion and award attorneys' fees in the amount of $15,268.50, together with any other relief the Court deems just and proper.

Dated: January 31, 2025

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: */s/ Nathan T. Jackson*
Nathan T. Jackson
Attorneys for Defendant CITY OF ROCKLIN

Liebert Cassidy Whitmore
A Professional Law Corporation
400 Capitol Mall, Suite 1260
Sacramento, CA 95814

9
Mohlenbrok's Notice of Motion and Motion for Attorneys' Fees
12740392.3 RO050-020