Nathan T. Jackson, Bar No. 285620
njackson@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
400 Capitol Mall, Suite 1260
Sacramento, CA 95814
Telephone:   916-584-7000
Facsimile:    916-584-7083

Attorneys for Defendant CITY OF ROCKLIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| RU HOGAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF ROCKLIN, and DOES 1 THROUGH 100,<br><br>  Respondent. | Case No.:  2:24-cv-03566-JAM-SCR<br><br>Complaint Filed: November 1, 2023<br>FAC Filed: January 16, 2025<br><br>**DECLARATION OF NATHAN T. JACKSON IN SUPPORT OF DAVID MOHLENBROK'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:         March 11, 2025<br>Time:        01:00 p.m.<br>Courtroom: 6 |

I, Nathan T. Jackson, declare and state as follows:

  1.  I am an attorney at law duly licensed to practice law in California and permitted to practice in the Eastern District of California. I am a partner at the law firm of Liebert Cassidy Whitmore, counsel of record for Defendant City of Rocklin ("Defendant" or "City"), as well as for former defendant David Mohlenbrok ("Mohlenbrok", and collectively with the City, the "Defendants"). I have personal knowledge of each matter stated herein, and if called upon to do so, could and would competently testify to each matter set forth herein.

  2.  On December 26, 2025, my office filed a special motion to strike pursuant to California's "anti-SLAPP" law on behalf of both Defendants, seeking to strike all state law claims from the Complaint brought by Plaintiff Ru Hogan. Lars Reed assisted me in preparing the motion. Mr. Reed is a licensed California attorney (Bar No. 318807) and has an Of Counsel

1

1  relationship with my firm. He has regularly assisted me on litigation related to this matter.

2      3.    My billable rate on this matter is $435 per hour. My firm bills for the work Mr.
3  Reed performs on this matter at a rate of $290 per hour.

4      4.    I spent no less than 8.7 hours preparing the anti-SLAPP motion. This includes time
5  spent assessing potential legal grounds for the motion; reviewing, editing, and revising the draft
6  motion and supporting documents prepared by Mr. Reed (including all sections of the anti-
7  SLAPP motion); legal research, and communications with Mohlenbrok and City of Rocklin
8  Animal Control Officer Heather Rodgers regarding their respective declarations. I also spent no
9  less than 2 hours preparing the instant fee motion, which was comprised of preparing this
10 declaration, reviewing billing records, performing research, and revising the draft motion papers.

11     5.    It is my understanding that Mr. Reed spent 36.6 hours in connection with the Anti-
12 SLAPP Motion and related documents, including the instant fee motion. Mr. Reed is preparing a
13 separate sworn declaration accounting for his time, which will be filed concurrently herewith.

14     6.    In my professional opinion, based on my experience, the time expended by both
15 Mr. Reed and myself was reasonable and necessary to zealously advocate for the Defendants'
16 position in response to the claims brought against them by Plaintiff.

17     7.    In total, Defendants incurred $15,268.50 preparing the anti-SLAPP motion in
18 response to Plaintiff's original complaint, calculated as follows:

19     Mr. Reed's Time: 36.6 hours $\times$ $290 per hour  =  $10,614.00
20     My Time:    10.7 hours $\times$ $435 per hour  =  $4,654.50
21     $10,614.00 + $4,654.50  =  $15,268.50

22     8.    I sent Plaintiff's counsel, Thomas Hogan, a meet and confer e-mail pertaining to this
23 fee motion on January 20, 2025. A true and correct copy of this correspondence is attached hereto
24 as **Exhibit A**. On January 22, 2025, I unsuccessfully attempted to call Mr. Hogan to meet and
25 confer. I also sent Mr. Hogan an e-mail expressing my understanding that he did not intend to
26 respond to my meet and confer. This communication is included within Exhibit A. I developed
27 this understanding due to Mr. Hogan's apparent refusal to speak with me by phone or respond to
28 my prior meet and confer communications, as reflected in my declarations in support of

Liebert Cassidy Whitmore
A Professional Law Corporation
400 Capitol Mall, Suite 1260
Sacramento, CA 95814

Defendants' original motion to dismiss and anti-SLAPP motion.

9. Mr. Hogan responded to my January 20, 2025 e-mail directly on January 23, 2025 (that is, he did not respond to my e-mail from January 22nd). He asked for additional time to consult with outside counsel. I responded to Mr. Hogan's communication on January 24, 2025. A true and correct copy of this e-mail chain is attached hereto as **Exhibit B**.

10. As reflected in Exhibit B, I informed Mr. Hogan I would consider giving him more time if he would just speak with me, but to my knowledge he never tried to call me. My primary concern with giving Plaintiff more time to confer about the instant motion is: (1) he is counsel of record; (2) he is already aware that fees are recoverable on an anti-SLAPP motion; and (3) Mr. Hogan has been actively litigating a related case against his neighbors for over a year.

11. On January 27, 2025, Mr. Hogan sent me an e-mail stating, "I am preparing to file a Amended Complaint pursuant to your meet and confer. I anticipate submitting it to you by the end of the week. I understand that your position is to brook no delay nor offer any quarter. As Councilwoman Gaylardo has said, 'The City of Rocklin does not settle. Understood.'" I did not receive a draft of this new complaint or stipulate to it being filed.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on January 31, 2025, in Sacramento, California.

*/s/ Nathan T. Jackson*
Nathan T. Jackson

Liebert Cassidy Whitmore
A Professional Law Corporation
400 Capitol Mall, Suite 1260
Sacramento, CA 95814

3
Declaration of Nathan T. Jackson in Support of David Mohlenbrok's Motion for Attorneys' Fees
12740446.3 RO050-020

# EXHIBIT A

## Nathan T. Jackson

| | |
|---|---|
| **From:** | Nathan T. Jackson |
| **Sent:** | Wednesday, January 22, 2025 2:19 PM |
| **To:** | hogan4eviction@outlook.com; Thomasmesq@gmail.com; Thomas351926@outlook.com |
| **Cc:** | Amber G. Guzman; Lars T. Reed |
| **Subject:** | RE: Hogan v. City of Rocklin - Meet and Confer |

Mr. Hogan,

I have not received a response from you yet regarding a good time to meet and confer. I also left you a voice mail just now. This is a reminder that the Court's standing order instructs the parties to meet and confer. While it does not appear that you have ever responded to our prior meet and confer efforts, we are hopeful you will do so now. I will also note that you never responded to my meet and confer about the City's anticipated disqualification motion. I assume at this point you will not be voluntarily conferring with our office on this. Thank you – Nathan

**From:** Nathan T. Jackson
**Sent:** Monday, January 20, 2025 1:19 PM
**To:** hogan4eviction@outlook.com; Thomasmesq@gmail.com; Thomas351926@outlook.com
**Cc:** Amber G. Guzman <amber.guzman@lcwlegal.com>; Lars T. Reed <lreed@lcwlegal.com>
**Subject:** Hogan v. City of Rocklin - Meet and Confer

Dear Mr. Hogan,

This correspondence pertains to the First Amended Complaint ("FAC") you recently filed on behalf of your client, Plaintiff Ru Hogan, against the City of Rocklin. As you know, the City and David Mohlenbrok (whom you have dismissed as a defendant) previously filed a motion to dismiss Plaintiff's original Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as well as an anti-SLAPP motion to strike pursuant to California Code of Civil Procedure section 425.16.

Apart from dismissing Mohlenbrok, Plaintiff's FAC is nearly identical to Plaintiff's original Complaint, and the City therefore intends to renew these motions as against the FAC. In addition, in light of Plaintiff's FAC dropping Mohlenbrok as a defendant after Defendants filed their anti-SLAPP motion, Mohlenbrok intends to file a motion for attorney's fees as a presumptive "prevailing party" under CCP section 425.16(c)(1). See *Kyle v. Carmon*, 71 Cal.App.4th 901, 908-18 (1999); *Coltrain v. Shewalter*, 66 Cal.App.4th 94, 107 (1998).

The grounds for the City's anticipated anti-SLAPP motion to strike are unchanged from Defendants' previous motion.

The grounds for the City's anticipated motion to dismiss are largely the same as in the previous motion and discussed on further detail there, namely:

- Plaintiff's first cause of action for intentional infliction of emotional distress ("IIED") fails to state a claim upon which relief can be granted because the City has statutory immunity from common law tort liability under California Government Code sections 815 and 815.2(b). See *Aguilar v. Corral*, 2007 U.S. Dist. LEXIS 77359, at *13 n.4 (E.D. Cal. Oct. 9, 2007); *Solesbee v. County of Inyo*, No. 1:13-01548-AWI, 2014 U.S. Dist. LEXIS 109318, at *30 (E.D. Cal. Aug. 7, 2014).

- Plaintiff's first cause of action for IIED also fails to state a claim upon which relief can be granted. Plaintiff fails to allege facts that would show "extreme and outrageous" conduct as required under *Davidson v. City of Westminister* (1982) 32 Cal.3d 197, 209. All alleged conduct is within the scope of normal municipal operations.

1

# Ex. A - 01

- Plaintiff's first cause of action for IIED is also based in part on conduct that was neither directed at Plaintiff nor occurred in her presence, and which cannot form the basis for a claim of IIED. *Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.

- Plaintiff's fourth cause of action for negligent infliction of emotional distress also fails to state a claim upon which relief can be granted. The City has statutory immunity under California Government Code sections 815 and 815.2 because all alleged actions were taken by public employees acting within the scope of employment. *McAllister v. Los Angeles Unified School Dist.*, 216 Cal. App. 4th 1198, 1218 (2013).

For these reasons, the City maintains that the First and Fourth causes of action in the Complaint fail as a matter of law and should be dismissed. We are required to confer pursuant to the Court's standing order. Please let me know when you are available to discuss these issues prior to the City filing its anticipated motions, if you intend to further amend the Complaint to address these issues, and/or if you have any other questions.

Thank you - Nathan

---

**Nathan T. Jackson** | Partner
LCW LIEBERT CASSIDY WHITMORE
400 Capitol Mall, Suite 1260
Sacramento, CA 95814
phone: 916.584.7022 | fax: 916.584.7083
njackson@lcwlegal.com | website



The preceding e-mail message (including any attachments) contains information that may be confidential, protected by the attorney-client privilege or other applicable privileges, protected by the right of privacy, or constitute other non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein

**Ex. A - 02**

# EXHIBIT B

**Nathan T. Jackson**

| | |
|---|---|
| **From:** | Nathan T. Jackson |
| **Sent:** | Friday, January 24, 2025 2:24 PM |
| **To:** | Thomas Hogan |
| **Subject:** | RE: Hogan v. City of Rocklin - Meet and Confer |

Mr. Hogan,

As a short follow-up, I may be willing to give you more time, but you have to call me to explain your positions outlined below given the extensive history of this matter.  This is now a new litigation matter or novel/fresh issues.  I am entitled to a phone call at this point.  Thank you.

**From:** Nathan T. Jackson
**Sent:** Friday, January 24, 2025 2:04 PM
**To:** Thomas Hogan <thomasmesq@gmail.com>
**Subject:** RE: Hogan v. City of Rocklin - Meet and Confer

Mr. Hogan,

Thank you for the response.  I understand your request to extend the deadline for a responsive pleading.  However, it is my position you have already had sufficient time to address these issues and should be able to confer presently.  As to the anti-SLAPP, these are the same issues addressed by the state court in your litigation with the Williamses.  Thus, you have had close to a year to consider these same legal arguments, and you have already argued them.  As to the motion to dismiss, we sent you a meet and confer prior to filing the initial motion.  The current motion is largely the same, and thus you have had several weeks to consider these arguments now (or seek advice.)  You have also now had several weeks to consider our legal position about whether or not you should be acting as counsel in this action.  To this end, it is important that we resolve the disqualification issue promptly (for all sides), and thus I am not amendable to that extension.  As it stands, you are currently counsel of record in the action and capable of, and expected to, meet and confer.  I am directly available at (916) 897-7237 and can be available at your convenience.

Please contact me so we can comply with the Court's standing order.  Thank you - Nathan

**From:** Thomas Hogan <thomasmesq@gmail.com>
**Sent:** Thursday, January 23, 2025 9:15 AM
**To:** Nathan T. Jackson <njackson@lcwlegal.com>
**Subject:** Re: Hogan v. City of Rocklin - Meet and Confer

**CAUTION - EXTERNAL EMAIL** |  DO NOT reply, click links or open attachments unless you have verified the sender and know

Dear Attorney Jackson,

Of course I find irony in a man who orchestrated a series of fines on a low level bird complaint so he could manufacture a basis for denying a small accommodation to a disabled immigrant.  Still, I take your advisement seriously, and I have forwarded the pleadings to other counsel for advice.  I expect an answer within a week.  I am willing to extend your time to plead until the issues are resolved.  Further, I will prepare a Second Amended complaint if it appears necessary.

Sincerely,

1

**Ex. B - 01**

Thomas Hogan

On Mon, Jan 20, 2025 at 1:19 PM Nathan T. Jackson <njackson@lcwlegal.com> wrote:

> Dear Mr. Hogan,
>
> This correspondence pertains to the First Amended Complaint ("FAC") you recently filed on behalf of your client, Plaintiff Ru Hogan, against the City of Rocklin. As you know, the City and David Mohlenbrok (whom you have dismissed as a defendant) previously filed a motion to dismiss Plaintiff's original Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as well as an anti-SLAPP motion to strike pursuant to California Code of Civil Procedure section 425.16.
>
> Apart from dismissing Mohlenbrok, Plaintiff's FAC is nearly identical to Plaintiff's original Complaint, and the City therefore intends to renew these motions as against the FAC. In addition, in light of Plaintiff's FAC dropping Mohlenbrok as a defendant after Defendants filed their anti-SLAPP motion, Mohlenbrok intends to file a motion for attorney's fees as a presumptive "prevailing party" under CCP section 425.16(c)(1). See *Kyle v. Carmon*, 71 Cal.App.4th 901, 908-18 (1999); *Coltrain v. Shewalter*, 66 Cal.App.4th 94, 107 (1998).
>
> The grounds for the City's anticipated anti-SLAPP motion to strike are unchanged from Defendants' previous motion.
>
> The grounds for the City's anticipated motion to dismiss are largely the same as in the previous motion and discussed on further detail there, namely:
>
> - Plaintiff's first cause of action for intentional infliction of emotional distress ("IIED") fails to state a claim upon which relief can be granted because the City has statutory immunity from common law tort liability under California Government Code sections 815 and 815.2(b). See *Aguilar v. Corral*, 2007 U.S. Dist. LEXIS 77359, at *13 n.4 (E.D. Cal. Oct. 9, 2007); *Solesbee v. County of Inyo*, No. 1:13-01548-AWI, 2014 U.S. Dist. LEXIS 109318, at *30 (E.D. Cal. Aug. 7, 2014).
>
> - Plaintiff's first cause of action for IIED also fails to state a claim upon which relief can be granted. Plaintiff fails to allege facts that would show "extreme and outrageous" conduct as required under *Davidson v. City of Westminister* (1982) 32 Cal.3d 197, 209. All alleged conduct is within the scope of normal municipal operations.

2

**Ex. B - 02**

- Plaintiff's first cause of action for IIED is also based in part on conduct that was neither directed at Plaintiff nor occurred in her presence, and which cannot form the basis for a claim of IIED. *Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.

- Plaintiff's fourth cause of action for negligent infliction of emotional distress also fails to state a claim upon which relief can be granted. The City has statutory immunity under California Government Code sections 815 and 815.2 because all alleged actions were taken by public employees acting within the scope of employment. *McAllister v. Los Angeles Unified School Dist.*, 216 Cal. App. 4th 1198, 1218 (2013).

For these reasons, the City maintains that the First and Fourth causes of action in the Complaint fail as a matter of law and should be dismissed. We are required to confer pursuant to the Court's standing order.  Please let me know when you are available to discuss these issues prior to the City filing its anticipated motions, if you intend to further amend the Complaint to address these issues, and/or if you have any other questions.

Thank you - Nathan

---

**Nathan T. Jackson** | Partner



400 Capitol Mall, Suite 1260
Sacramento, CA 95814
phone: 916.584.7022 | fax: 916.584.7083

njackson@lcwlegal.com | website

The preceding e-mail message (including any attachments) contains information that may be confidential, protected by the attorney-client privilege or other applicable privileges, protected by the right of privacy, or constitute other non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein

This email message has been delivered safely and archived online by Mimecast.

4

**Ex. B - 04**