Nathan T. Jackson, Bar No. 285620
njackson@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
400 Capitol Mall, Suite 1260
Sacramento, CA 95814
Telephone:   916-584-7000
Facsimile:    916-584-7083

Attorney for Defendants CITY OF ROCKLIN and DAVID MOHLENBROK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| RU HOGAN,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF ROCKLIN, DAVID MOHLENBROK, and DOES 1 THROUGH 100,<br><br>           Respondent. | Case No.: 2:24-cv-03566-JAM-SCR<br><br>Complaint Filed: 11/1/2023<br>FAC Filed: 1/16/2025<br><br>**DECLARATION OF LARS T. REED IN SUPPORT OF DEFENDANT DAVID MOHLENBROK'S MOTION FOR ATTORNEYS' FEES** |

I, Lars T. Reed, declare and state as follows:

1. I am an attorney at law duly licensed to practice law in California and permitted to practice in the Eastern District of California (State Bar No. 318807). I have personal knowledge of each matter stated herein, and if called upon to do so, could and would competently testify to each matter set forth herein.

2. I have an Of Counsel relationship with the law firm Liebert Cassidy Whitmore ("LCW"), counsel of record for Defendant City of Rocklin ("Defendant" or "City") and for former defendant David Mohlenbrok ("Mohlenbrok", and collectively with the City, the "Defendants"). I have regularly assisted Nathan Jackson, a partner at LCW's Sacramento office, on litigation related to this matter.

3. I have been working with LCW since the fall of 2018, after completing a judicial clerkship with the Supreme Court of Alaska. My legal practice with LCW has been nearly

exclusively focused on labor and employment law, municipal law, and related litigation.

4. Working with Mr. Jackson, I prepared a special motion to strike (the "Anti-SLAPP Motion") on behalf of both Defendants, seeking to strike all state law claims from Plaintiff Ru Hogan's Complaint on the grounds that these claims arise from conduct protected by California's anti-SLAPP law and that Plaintiff cannot demonstrate a likelihood of prevailing.

5. In total, I have spent 36.6 hours in connection with Defendants' Anti-SLAPP Motion. This includes: 5.2 hours reviewing Plaintiff's Complaint and evidence on record to identify legal grounds for the Motion and assessing their merits; 6.8 hours researching case law concerning the legal standards governing anti-SLAPP motions filed under California law in federal court and outlining potential legal arguments supporting the Motion; 0.8 hours preparing a detailed summary of Defendants' motion as part of Defendants' efforts to "meet and confer" with opposing counsel; 11.1 hours drafting the Anti-SLAPP Motion; 3.2 hours drafting supporting documentation including sworn witness declarations; and 9.5 hours for research, analysis, and drafting in connection with Mohlenbrok's request for attorney's fees.

6. In my professional opinion, based on my experience, the amount of time expended was reasonable and necessary to zealously advocate Defendants' position in response to the claims asserted against them.

7. LCW billed Defendants for my time spent on this matter as outlined above at a rate of $290 per hour. In my professional opinion, this rate is reasonable and in line with attorneys in Northern California with a comparable level of experience.

8. In total, Defendants incurred $10,614 (36.6 hours × $290 per hour = $10,614) in attorney's fees for my time spent preparing the Anti-SLAPP Motion, in addition to any fees incurred for Mr. Jackson's time.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on January 31, 2025, in Asker, Norway.

_____
Lars T. Reed