1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   RU HOGAN,                        No. 2:24-cv-03566-JAM-SCR

12              Plaintiff,

13        v.                          **ORDER GRANTING DEFENDANT'S
                                      MOTION TO STRIKE**
14   CITY OF ROCKLIN, and DOES 1
     THROUGH 100,
15
                Defendants.
16

17        Before the Court is City of Rocklin's ("Defendant") motion

18   to strike three causes of action in Ru Hogan's ("Plaintiff")

19   First Amended Complaint ("FAC").  See Mot., ECF No. 12.

20   Plaintiff has failed to file a timely opposition to Defendant's

21   motion.  Pursuant to Local Rule 230(c), the Court construes

22   Plaintiff's failure to oppose as a non-opposition to the motion.

23   For the following reasons, the Court GRANTS Defendant's motion.

24        California Code of Civil Procedure provides, "A cause of

25   action against a person arising from any act of that person in

26   furtherance of the person's right of petition or free speech

27   under the United States Constitution or the California

28   Constitution in connection with a public issue shall be subject

                                  1

1  to a special motion to strike, unless the court determines that

2  the plaintiff has established that there is a probability that

3  the plaintiff will prevail on the claim." Cal. Civ. Proc. Code

4  § 425.16(b)(1). The protected conduct includes: "(1) any written

5  or oral statement or writing made before a legislative,

6  executive, or judicial proceeding, or any other official

7  proceeding authorized by law, (2) any written or oral statement

8  or writing made in connection with an issue under consideration

9  or review by a legislative, executive, or judicial body, or any

10  other official proceeding authorized by law, (3) any written or

11  oral statement or writing made in a place open to the public or a

12  public forum in connection with an issue of public interest, or

13  (4) any other conduct in furtherance of the exercise of the

14  constitutional right of petition or the constitutional right of

15  free speech in connection with a public issue or an issue of

16  public interest." Id. 425.16(e). "A defendant need only make a

17  prima facie showing that plaintiff's claims arise from the

18  defendant's constitutionally protected free speech or petition

19  rights." Optional Cap., Inc. v. Akin Gump Strauss, Hauer & Feld

20  LLP, 18 Cal. App. 5th 95, 112 (2017). The California Supreme

21  Court held, "If the defendant makes the required showing, the

22  burden shifts to the plaintiff to demonstrate the merit of the

23  claim by establishing a probability of success. We have

24  described this second step as a 'summary-judgment-like

25  procedure.'" Baral v. Schnitt, 1 Cal. 5th 376, 384 (2016).

26      Here, Plaintiff's allegations center around Defendant's

27  involvement in the enforcement of zoning code as it relates to

28  her hens. To enforce the code, Defendant allegedly issued

2

1  citations, processed Plaintiff's requested accommodation, ordered

2  Plaintiff to remove her hens, Defendant employee David Mohlenbrok

3  communicated with third parties, and Officer Heather Rodgers

4  testified at a hearing.  See First Amended Complaint ("FAC")

5  ¶¶ 4, 8-9, 12, 14, ECF No. 9.  Defendant has demonstrated that

6  this conduct is protected free speech under California Code of

7  Civil Procedure.  See Mot. at 12-13.  Accordingly, Defendant has

8  made "a prima facie showing" that Plaintiff's claims arise from

9  Defendant's constitutionally protected free speech rights.  See

10 Optional Cap., Inc., 18 Cal. App. 5th at 112.

11      Because Defendant has made "the required showing, the burden

12 shifts to the plaintiff to demonstrate the merit of the claim by

13 establishing a probability of success."  Baral, 1 Cal. 5th at

14 384.  As an initial matter, because Plaintiff has not opposed the

15 motion, she cannot meet her burden of demonstrating a probability

16 of success.  Although the Court need go no further before

17 granting the motion, its review of the specific claims reveal

18 that Plaintiff does not have a probability of success.  As

19 Defendant explains, Defendant is immune from tort liability and

20 thus the First and Fourth Causes of Action fail.  See Mot. at 14-

21 16.  Regarding Plaintiff's claim for violation of California's

22 Fair Employment and Housing Act, Defendant demonstrates that

23 Plaintiff cannot prevail because she was granted the

24 accommodation she requested.  See Mot. at 16-17.  Thus, even if

25 Plaintiff opposed the motion, the Court finds that she would be

26 unable to meet her burden.

27 ///

28 ///

3

1          Accordingly, the Court GRANTS Defendant's motion and STRIKES

2    the First, Second, and Fourth Causes of Action in the FAC.

3          IT IS SO ORDERED.

4    Dated: March 4, 2025

5

6                                    _____

7                                    JOHN A. MENDEZ
                                     SENIOR UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     4