UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RU HOGAN,<br><br>              Plaintiff,<br><br>      v.<br><br>CITY OF ROCKLIN, and DOES 1 THROUGH 100,<br><br>              Defendants. | No. 2:24-cv-03566-JAM-SCR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is City of Rocklin's ("Defendant") motion to dismiss two causes of action in Ru Hogan's ("Plaintiff") First Amended Complaint ("FAC"). See Mot., ECF No. 11. Defendant also asks the Court to take judicial notice of its municipal code. See Request for Judicial Notice, ECF No. 11-2. Plaintiff has failed to file a timely opposition to Defendant's motions. Pursuant to Local Rule 230(c), the Court construes Plaintiff's failure to oppose as a non-opposition to the motions.

The Court grants Defendant's request for judicial notice of sections of the City of Rocklin Municipal Code because these laws are a matter of public record. See Reyn's Pasta Bella LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court also finds Defendant's motion to dismiss meritorious as to both claims. Regarding Plaintiff's claim for intentional infliction

1

of emotional distress, Defendant is immune from this tort action. The California Government Code provides, "Except as otherwise provided by statute: A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code. § 815.  The Code elsewhere states, "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2.  Plaintiff alleges that Defendant processed complaints against her, issued fines, and otherwise acted on Plaintiff's non-compliance with local zoning code. See FAC ¶¶ 4-5, 9-12, 17-18, ECF No. 9.  These actions were "the result of the exercise of the discretion vested in" Defendant's employees. See Cal. Gov't Code § 820.2.  As such, Defendant is immune from this claim.

Defendant is also immune from Plaintiff's claim for negligent infliction of mental suffering.  Plaintiff asserts the same allegations as analyzed above, and the Court already found that Defendant's action were "the result of the exercise of discretion vested in" them.  See Cal. Gov't Code § 820.2.  Thus, Defendant is immune from this claim.

Having determined that dismissal is proper, the Court must analyze whether leave to amend should be granted.  Dismissal without leave to amend is proper if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir.

2

2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005). "Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . ." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). Here, dismissal without leave to amend is proper because amendment "constitutes an exercise in futility." See id. Plaintiff has already amended her complaint, and she does not oppose the present motion by suggesting that there are other allegations that could save these causes of action. Since Defendant is immune from tort liability, these causes of action "could not be saved by any amendment" because they are based in tort liability. See Intri-Plex Techs., Inc., 499 F.3d at 1056.

Accordingly, the Court GRANTS WITH PREJUDICE Defendant's motion in its entirety and hereby dismisses the First and Fourth Causes of Action in the FAC.

IT IS SO ORDERED.

Dated: March 4, 2025

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

3