1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   RU HOGAN,                        No. 2:24-cv-03566-JAM-SCR

10              Plaintiff,

11      v.                           **ORDER GRANTING DAVID
                                     MOHLENBROK'S MOTION FOR**
12  CITY OF ROCKLIN, and DOES 1      **ATTORNEY'S FEES**
    THROUGH 100,
13
                Defendants.
14

15       Before the Court is David Mohlenbrok's ("Mohlenbrok") motion

16  for attorney's fees.  See Mot., ECF No. 15.  Ru Hogan

17  ("Plaintiff") has failed to file a timely opposition to

18  Mohlenbrok's motion.  Pursuant to Local Rule 230(c), the Court

19  construes Plaintiff's failure to oppose as a non-opposition to

20  the motion.  For the following reasons, the Court GRANTS

21  Mohlenbrok's motion.

22       Mohlenbrok brought a motion to strike three causes of action

23  under California's anti-SLAPP statute.  See Mot. to Strike, ECF

24  No. 5; Cal. Civ. Proc. Code 425.16.  In response to the motion,

25  and in accordance with Federal Rule of Civil Procedure

26  15(a)(1)(B), Plaintiff filed a First Amended Complaint ("FAC")

27  that dismissed Mohlenbrok as a defendant in this action.  See FAC

28  at 2, ECF No. 9.

                                  1

1    California's anti-SLAPP statute provides that "a prevailing

2  defendant on a special motion to strike shall be entitled to

3  recover that defendant's attorney's fees and costs."  Cal. Code

4  Civ. Proc. § 425.16(c)(1).  Even though Plaintiff has voluntarily

5  dismissed Mohlenbrok, the Court retains the authority to decide

6  the present motion on the merits.  See Law Offices of Andrew L.

7  Ellis v. Yang, 178 Cal.App.4th 869, 879 (2009) ("[T]he anti-SLAPP

8  statute . . . anticipates circumstances in which parties dismiss

9  their cases while motions to strike are pending.  In such

10  circumstances, the trial court is given the limited jurisdiction

11  to rule on the merits of the motion in order to decide if it

12  should award attorney fees and costs to the defendants.").  Where

13  a plaintiff voluntarily dismisses a defendant, a "presumption"

14  arises that the dismissed defendant is a prevailing party for

15  purposes of attorney's fees.  See Coltrain v. Shewalter, 66 Cal.

16  App. 4th 94, 107 (1998).  This presumption can be rebutted by a

17  showing that plaintiff "realized its objectives in the

18  litigation," such as through a settlement or other means.  Id.

19    Here, Plaintiff voluntarily dismissed Mohlenbrok, which

20  creates the presumption that Mohlenbrok is the prevailing party

21  from his motion to strike.  As Mohlenbrok explains, there is no

22  evidence that Plaintiff "realized [her] objectives in the

23  litigation."  See Mot. at 5-6; see id.  There is no evidence that

24  Plaintiff settled or obtained another benefit from bringing her

25  prior motion that named Mohlenbrok as a defendant.  As such, the

26  Court finds that Mohlenbrok is the prevailing party and entitled

27  to attorney's fees and costs.

28  ///

1    Though Mohlenbrok jointly brought the motion to strike with

2  Defendant City of Rocklin, he argues that Plaintiff should pay

3  all attorney's fees associated with the motion.  See Mot. at 7.

4  The Court agrees.  Mohlenbrok and Defendant are represented by

5  the same counsel.  "[A]llocation among jointly represented

6  parties is not required when the liability of the parties is so

7  factually interrelated that it would have been impossible to

8  separate the activities . . . into compensable and noncompensable

9  time units."  Brown Bark III, L.P. v. Haver, 219 Cal. App. 4th

10 809, 830 (2013) (cleaned up).  Because Mohlenbrok's conduct is at

11 the center of this controversy, his and Defendant City of

12 Rocklin's "is so factually interrelated that it would have been

13 impossible" to allocate attorney's fees for just Mohlenbrok.  See

14 id.; see FAC ¶¶ 6-12.  Mohlenbrok is therefore entitled to

15 recover all fees associated with the motion the strike.  Finally,

16 the Court finds Mohlenbrok's requested fees reasonable.  See Mot.

17 at 8.

18    Accordingly, the Court GRANTS Mohlenbrok's motion for

19 attorney's fees.  Plaintiff is hereby ORDERED to pay Mohlenbrok

20 $15,268.50.

21    IT IS SO ORDERED.

22 Dated: March 4, 2025

23

24 _____

25 JOHN A. MENDEZ

   SENIOR UNITED STATES DISTRICT JUDGE

26

27

28